**Fred LOWENSCHUSS, Trustee for Fred Lowenschuss Associates Pension Plan, Plaintiff-Appellant,**

and

**Rachel C. Carpenter, Plaintiff-Intervenor-Appellee,**

and

**The McIntosh Foundation, Plaintiff-Intervenor-Appellee,**

v.

**C.G. BLUHDORN, Gulf & Western Industries, Inc., and Kidder, Peabody & Co., Incorporated, Defendants-Appellees.**

**Nos. 444, 645, Dockets 79–7566, 78–7267.**

United States Court of Appeals, Second Circuit.

Argued Dec. 5, 1979.

Decided Jan. 9, 1980.

Albert Ominsky, Philadelphia, Pa. (Fred Lowenschuss, William D. Parry, Fred Lowenschuss Associates, Philadelphia, Pa., of counsel), for plaintiff-appellant.

Milton Paulson, New York City (Warren H. Colodner, Joel M. Gross, Gina M. Resnick, Barrett, Smith, Schapiro, Simon &

Armstrong, New York City, of counsel), for plaintiff-intervenor-appellee.

Roy L. Reardon, New York City (Barry R. Ostrager, Dennis G. Jacobs, Ben Wiles, Simpson Thacher & Bartlett, New York City, of counsel), for defendants-appellees C.G. Bluhdorn and Gulf & Western Industries, Inc.

William E. Willis, New York City (Charles E. Wilson, Sullivan & Cromwell, New York City, of counsel), for defendant-appellee Kidder, Peabody & Co., Inc.

Before MOORE, MANSFIELD, Circuit Judges, and PALMIERI, District Judge.*

PER CURIAM:

Fred Lowenschuss, Trustee for Fred Lowenschuss Associates Pension Plan, appeals from a final order of the District Court for the Southern District of New York, entered on June 25, 1979, by Judge Dudley B. Bonsal, approving settlement of this consolidated class action on behalf of shareholders of The Great Atlantic & Pacific Tea Company, Inc. (A & P), for money damages allegedly caused by a tender offer made in February, 1973, by defendant-appellee Gulf & Western Industries, Inc. (G & W), for fifteen percent (15%) of the shares of A & P. Upon appeal from an earlier dismissal of the complaint we remanded the case for further proceedings, holding (1) that the claim for breach of contract could be met with the defense of impossibility of performance due to the issuance of a preliminary injunction unless fault on G & W's part contributed to the issuance of the injunction, and (2) that a Williams Act claim, 15 U.S.C. § 78n(e), had been stated which, if proven, would entitle plaintiffs to recover losses attributable to their inability to sell their tendered shares in the declining market which followed issuance of the injunction; in order to recover, however, they would have to prove with reasonable certainty that they would have sold their shares during the period when those shares

were retained by G & W. See *Lowenschuss v. Kane,* 520 F.2d 255 (2d Cir. 1975).

Lowenschuss also appeals from (1) an interlocutory order entered January 24, 1978 denying a motion to compel consummation of an alleged earlier 1977 agreement to settle the action for approximately $4.6 million, (2) an interlocutory order entered on June 21, 1978, striking class allegations in two other actions being consolidated (73 Civ. 2931, known as "Lowenschuss II" and 76 Civ. 3557, known as "Lowenschuss III"), (3) certain other interlocutory orders, including an order dated May 2, 1978, which denied without prejudice Lowenschuss' motion to amend the complaint, to add defendants, and to disqualify counsel for G & W and its chief operating officer, C.G. Bluhdorn, and which disqualified Lowenschuss as class representative, and an order dated September 14, 1978, substituting the McIntosh Foundation as class representative.

▮ After careful review of the record and briefs and after hearing oral argument, we are satisfied that in approving the settlement Judge Bonsal did not abuse his discretion, which is the test on this appeal. *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir. 1974); *Newman v. Stein,* 464 F.2d 689 (2d Cir. 1972), *cert. denied,* 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1973). Indeed the Stipulation of Settlement, which is acceptable to all class members appearing in the case except Lowenschuss, would enable class members to recover as much as they could reasonably have expected after a trial. Further litigation of the claims would probably be expensive and protracted because of the complex facts and issues presented. There was a substantial risk that the class might recover nothing, since it might be unable to sustain its burden of demonstrating that G &. W contributed to the issuance of the injunction that rendered performance impossible, see 6A Corbin *Contracts* § 1329 at 350–353 (1962). Additional problems of proof would be faced in prosecution of the Williams Act

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

claims, particularly in the case of arbitrageurs who bought for the purpose of tendering, and might have difficulty invoking the Williams Act. See *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 58, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975); 2 Bromberg, Securities Law: Fraud—SEC Rule 10b-5 § 6.3(121) (1977). Even if the class succeeded in establishing liability, the amount of recovery was uncertain in view of our earlier indication that damages would likely be the difference between the tender price and the market price on the date of tender (although appellant claims that a more generous measure would be appropriate).

Nor is there any merit to Lowenschuss' claim that a settlement for a higher sum had been negotiated in 1977. Indeed Lowenschuss, both in testimony and affidavits, swore at the time that no such settlement had been reached. After a full hearing, Judge Bonsal reluctantly agreed. The record indicates that the failure to consummate the earlier proposed settlement was largely attributable to Lowenschuss' refusal to release Kidder, Peabody & Co., Incorporated and his avaricious efforts to insure payment to himself of grossly excessive counsel fees out of all proportion to the services allegedly rendered by him (see Memorandum Opinion of Judge Bonsal, April 20, 1978, at p. 6). Lowenschuss' opposition to the settlement finally negotiated by others appears to be one more tactical effort, for personal reasons, to sabotage an agreement which is in the best interests of the A & P stockholders.

■ The disqualification of Lowenschuss as class representative and the denial of his motion to add Simpson Thacher and Bartlett (counsel for C.G. Bluhdorn and G & W) as a party defendant were perfectly proper. The questionable professional propriety of Lowenschuss' wearing two hats, one as class representative and the other as class counsel, see *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976), was confirmed by the disclosure of his May 1976 agreement under which his counsel, Arnold Levin, was "legally bound"

not to contest a fee application that might be made by Lowenschuss for approximately $1,950,000 (6,500 hours multiplied by $300 per hour) if the litigation were successful (Appendix on appeal at 298–300), despite the fact that there had been virtually no discovery during his term as counsel (App. 1197–98).

■ Once Judge Bonsal had disqualified Lowenschuss as class representative, he was entirely correct in denying Lowenschuss' motion to add Simpson Thacher & Bartlett as a defendant, without prejudice to renewal of the motion by new counsel. The record indicates that Lowenschuss' 1977 motion to add Simpson Thacher & Bartlett as a defendant was simply a tactical maneuver designed in bad faith to forestall inquiry into his unethical fee arrangements; the first of the renewed motion papers was executed two business days after a magistrate, on December 9, 1976, at Simpson Thacher & Bartlett's request, ordered Lowenschuss to produce his retainer agreements with counsel (App. 159–70). Lowenschuss had withdrawn an identical attempt some 18 months previously to add the same firm as a defendant. His co-counsel disassociated himself from that motion (App. 958 n. *), and it was clear that the addition in 1977 of a defendant would only serve to delay and protract the case, which had then been pending for approximately four years.

The denial of appellant's motion to disqualify Simpson Thacher & Bartlett as counsel was likewise not only well within Judge Bonsal's discretion but proper under the circumstances, as were Judge Bonsal's decisions to accept McIntosh Foundation as class representative and to strike class allegations in "Lowenschuss II" and "Lowenschuss III." Mr. Lowenschuss' efforts to imply that the settlement negotiations were marked by conflicts of interest are unsupported. They represent the culmination of a pattern of highly improper conduct on his part in making baseless and unjustified personal and professional attacks upon numerous reputable persons involved in the case, including counsel for various parties and district judges.

All of the orders of the district court are affirmed. Pursuant to F.R.A.P. 38 double costs are assessed against plaintiff-appellant Lowenschuss. The Pennsylvania Bar Association is requested to review Mr. Lowenschuss' conduct in this case, see American Bar Association Code of Judicial Conduct, Canon 3 B(3), and to take such action as is appropriate.

In view of our disposition of plaintiff-appellant's appeal, it is unnecessary to consider defendant's cross-appeal seeking decertification of the Williams Act class claim and dismissal of the pendent class contract claim.